IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JAMIE B. MARTIN, | ) |
| | ) |
| Petitioner, | ) |
| | ) No. 2:21-cv-02486-TLP-tmp |
| v. | ) |
| | ) |
| WARDEN FCI MEMPHIS, | ) |
| | ) |
| Respondent. | ) |

**ORDER DIRECTING CLERK TO MODIFY DOCKET,
DISMISSING § 2241 PETITION FOR LACK OF SUBJECT MATTER JURISDICTION,
CERTIFYING THAT APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND
DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Pro se Petitioner Jamie B. Martin[1] seeks a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("§ 2241 Petition"). (ECF No. 1.) The Court directed Respondent Warden to respond to the § 2241 Petition, which he did in early 2022. (ECF Nos. 7, 8.) Petitioner did not file a reply.

For the reasons below, the Court **DISMISSES** the § 2241 Petition for lack of subject matter jurisdiction.

---

[1] When he filed his § 2241 Petition, Petitioner was an inmate at the Federal Correctional Institution in Memphis, Tennessee ("FCI Memphis"). (ECF No. 1 at PageID 1.) He has since been transferred to FCI Gilmer in Glenville, West Virginia. Petitioner's Bureau of Prisons register number is 11382-010. *See* Federal Bureau of Prisons, Find an inmate (last visited Aug. 28, 2024). "A district court's jurisdiction generally is not defeated when a prisoner who has filed a § 2241 petition while present in the district is involuntarily removed from the district while the case is pending." *White v. Lamanna*, 42 F. App'x 670, 671 (6th Cir. 2002). The Clerk is respectfully **DIRECTED** to change Petitioner's address on the docket and to mail a copy of this order to:

> Jamie B. Martin
> 11382-010
> FCI Gilmer
> P.O. Box 6000
> Glenville, WV 26351

1

**BACKGROUND**

I. **Criminal Proceedings**

A federal grand jury returned an indictment charging Petitioner with conspiracy to possess with intent to distribute methamphetamine (Count 1), conspiracy to manufacture and distribute cocaine base (Count 2), and two counts of possession with intent to distribute methamphetamine (Counts 3 and 4). *United States v. Martin*, No. 1:13-cr-10007-SOH-1, ECF Cr. No. 1 at PageID 1–3 (W.D. Ark.).

Petitioner signed a plea agreement and pleaded guilty to Count 1. (Cr. 1:13cr10007, ECF No. 109 at PageID 342.) In return, the Government agreed to dismiss the charges in Counts 2–4. (*Id.*) Petitioner agreed to waive his rights to appeal and to collaterally attack his conviction and sentence under 28 U.S.C. § 2255, except that he retained the right to raise claims of ineffective assistance of counsel "which challenge the validity of the guilty plea" or the appeal waiver. (*Id*. at PageID 344–45.)

The trial court sentenced Petitioner to 240 months of imprisonment, followed by three years of supervised release. (Cr. 1:13cr10007, ECF No. 209 at PageID 1026–27.) Petitioner filed a direct appeal. (Cr. 1:13cr10007, ECF No. 216.) The Government moved to dismiss the appeal based on the plea agreement's waiver provision. (*See* Cr. 1:13cr10007, ECF No. 256-1.) The Eighth Circuit granted the motion and dismissed the appeal. (*Id*.)

II. **§ 2255 Motion**

Petitioner next moved for habeas relief under 28 U.S.C. § 2255. (Cr. 1:13cr10007, ECF No. 271.) Petitioner raised many claims of ineffective assistance of counsel. (*Id*. at PageID 1527–29.) The magistrate judge issued a report recommending that the district court deny the § 2255 motion on the merits. (Cr. 1:13cr10007, ECF No. 290.) The district court then adopted the

magistrate judge's report, overruled Petitioner's objections, and denied Petitioner's § 2255 motion. (Cr. 1:13cr10007, ECF No. 299 at PageID 1679.)

Petitioner moved a second time for relief under § 2255. (Cr. 1:13cr10007, ECF No. 346.) Because Petitioner had not asked for authorization from the Eighth Circuit to file a second or successive § 2255 motion, the magistrate judge recommended that the district court dismiss the second § 2255 motion. (Cr. 1:13cr10007, ECF No. 359 at PageID 2122–23.) The district court adopted the magistrate judge's report and dismissed Petitioner's second § 2255 motion. (Cr. 1:13cr10007, ECF No. 360.)

### III.     § 2241 Petition

The same day the Arkansas district court dismissed his second § 2255 motion, Petitioner petitioned here under § 2241. (ECF No. 1.) He now seeks relief on these three grounds: (1) his guilty plea was not knowing and voluntary because of violations of Federal Rule of Criminal Procedure 11; (2) he is actually innocent of his conviction for conspiracy to distribute methamphetamine; and (3) he is actually innocent of the sentencing enhancement under U.S.S.G. § 2K2.1. (ECF No. 1-1 at PageID 13–19.)

Petitioner appears to invoke the "saving clause" in 28 U.S.C. § 2255(e), arguing that his claims must be brought under § 2241 because the § 2255 remedy is inadequate. (*See id*. at PageID 12.) Petitioner argues that the § 2255 remedy is inadequate because he waived his right to collaterally attack his conviction and sentence under § 2255 as part of his plea agreement. (ECF No. 1 at PageID 5.) His position is problematic.

### LEGAL STANDARD

This Court may issue a writ of habeas corpus under 28 U.S.C. § 2241(c)(3) when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States."

3

Federal prisoners may obtain habeas corpus relief under § 2241 only under limited circumstances. One way to get relief is under the "saving clause" in § 2255:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

Courts construing the language of § 2255(e) "have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255." *Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999) (per curiam). A prisoner's challenge to "the execution or manner in which the sentence is served," however, "shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241." *Id.*; *see also United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining that § 2255 "is the primary avenue for relief for federal prisoners protesting the legality of their sentence, while § 2241 is appropriate for claims challenging the execution or manner in which the sentence is served"); *McCormick v. Butler*, 977 F.3d 521, 524 (6th Cir. 2020) ("When a federal prisoner collaterally attacks the validity of his sentence, rather than the conditions of his confinement, he must ordinarily proceed under § 2255, not § 2241.").

Petitioner attacks his conviction and the imposition of his sentence. And so Petitioner may not rely on the "saving clause" for habeas relief under § 2241 unless he can show that relief under § 2255 is inadequate or ineffective. Petitioner has the burden of proving that § 2255(e)'s saving clause applies. *See Charles*, 180 F.3d at 756.

But as the Sixth Circuit noted, "[t]he circumstances in which § 2255 is inadequate and ineffective are narrow . . . ." *Peterman*, 249 F.3d at 461. "[T]he § 2255 remedy is not

4

considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner is procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate." *Charles*, 180 F.3d at 756 (citations omitted). In *Wright v. Spaulding*, 939 F.3d 695 (6th Cir. 2019), the Sixth Circuit explained:

> [A] federal prisoner who has already filed a § 2255 motion and cannot file another one cannot access § 2241 *just* because a new Supreme Court case hints his conviction or sentence may be defective. Rather, the prisoner must *also* show that binding adverse precedent (or some greater obstacle) left him with no reasonable opportunity to make his argument any earlier, either when he was convicted and appealed or later when he filed a motion for postconviction relief under [§] 2255. Otherwise, § 2255 is simply not inadequate or ineffective to test his claim. And nothing in this court's later precedents gainsays this principle.

*Id.* at 703 (internal quotation marks and citation omitted).

That said, a prisoner can obtain relief under § 2241 if he shows that he is actually innocent of the crime of which he has been convicted. *See Charles*, 180 F.3d at 757 ("No circuit court has to date permitted a post-AEDPA [Anti-Terrorism and Effective Death Penalty Act, which amended § 2255] petitioner who was not effectively making a claim of 'actual innocence' to utilize § 2241 (via § 2255's 'savings clause,') as a way of circumventing § 2255's restrictions on the filing of second or successive habeas petitions."). A successful claim of actual innocence requires the prisoner to show that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998). "Actual innocence" in this context "means factual innocence, not mere legal insufficiency." *Id*.

But Petitioners typically cannot bring claims alleging "actual innocence" of a sentencing enhancement under § 2241. *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012). And yet the Sixth Circuit has interpreted the saving clause as permitting prisoners to seek relief under §

5

2241, rather than § 2255, to challenge their sentences based on a retroactively applicable case of statutory interpretation that "could not have been invoked in the initial § 2255 motion," resulting in a "sufficiently grave" sentencing error. *Hill v. Masters*, 836 F.3d 591, 595 (6th Cir. 2016). The Sixth Circuit then limited the exception in *Hill* to petitions filed by "prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 (2005)." *Hill*, 836 F.3d at 599–600.

But then the Supreme Court rejected the Sixth Circuit's interpretation of § 2255(e) in *Hill* in so far as the Sixth Circuit allowed federal prisoners to seek relief under § 2241 rather than § 2255 if the sentencing challenge was based on a "subsequent, retroactive change in statutory interpretation." *Jones v. Hendrix*, 599 U.S. 465 (2023); *see also Hill*, 836 F.3d at 600. In *Jones*, the Supreme Court held that "§ 2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition." 599 U.S. at 471. A prisoner may seek relief under § 2241 only if "unusual circumstances make it impossible or impracticable to seek relief in the sentencing court"—for example, if the sentencing court no longer exists—or if the prisoner is seeking to challenge the way he is being detained, rather than the legality of the sentence. *Id.* at 474–75. Now the Court will turn to Petitioner's arguments.

## ANALYSIS

### I.     Rule 11 Violations

Petitioner argues that his guilty plea was not knowing and voluntary because of violations of Rule 11. (ECF No. 1-1 at PageID 13–14.) This is not a claim of actual innocence, and Petitioner's challenge to the validity of his guilty plea falls outside the narrow scope of circumstances under which § 2241 relief is available. *See Charles*, 180 F.3d at 757.

6

Even if Petitioner could challenge his guilty plea under § 2241, his claimed Rule 11 violations are refuted by the record.  Petitioner claims here that he entered a guilty plea with no factual basis and that the district court failed to inform him adequately of the nature of the charges against him.  (ECF No. 1-1 at PageID 13.)  But Petitioner's written plea agreement advised him that he was pleading guilty to Count 1 of the indictment, charging him with conspiracy to distribute methamphetamine in violation of §§ 841(a)(1) and 846.  (Cr. 1:13cr10007, ECF No. 109 at PageID 342.)  And the plea agreement included a written, detailed factual basis for his plea.  (*Id*. at PageID 342–43.)

What is more, a review of the transcript from Petitioner's change of plea hearing reveals that the district court met the requirements of Rule 11.  (*See* Cr. 1:13cr10007, ECF No. 247 at PageID 1239–41, 1245–46.)  The court read Count 1 of the indictment in open court and advised Petitioner of the statutory penalties.  (*Id.* at PageID 1239–40.)  Petitioner stated under oath that he understood charge against him and the statutory penalty.  (*Id.* at PageID 1241.)  "Solemn declarations in open court carry a strong presumption of verity."  *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

As for the factual basis, the district court had the Government read the plea agreement aloud in open court, which included the factual basis detailing Petitioner's involvement in the drug trafficking conspiracy.  (Cr. 1:13cr10007, ECF No. 247 at PageID 1245–46.)  The district court asked Petitioner if he had read and reviewed the plea agreement with his attorneys, and Petitioner answered in the affirmative.  (*Id*. at PageID 1247.)  Petitioner also confirmed that he understood the plea agreement.  (*Id*.)

As a result, the record supports the Government's argument that the district court established a factual basis for Petitioner's guilty plea, and that Petitioner understood the nature of

the charge to which he pleaded guilty. (ECF No. 8 at PageID 39.) The record shows that Petitioner's arguments to the contrary lack merit.

## II.     Actual Innocence

Petitioner next argues that he is actually innocent of his drug trafficking conspiracy conviction. (ECF No. 1-1 at PageID 14–18.) As discussed above, a Petitioner may sometimes bring a claim of actual innocence in a § 2241 petition relying on § 2255(e)'s saving clause. *See Charles*, 180 F.3d at 757.

According to Petitioner, the investigating officer, Michael Caldwell, and the informant, Chevis Johnson, who was also a co-defendant in Petitioner's criminal case, had personal vendettas against Petitioner and worked together to invent the charges against him. (ECF No. 1-1 at PageID 14–15.) Petitioner does not, however, attach any proof that the case against him was fabricated. (*See id*. at PageID 14–18.) And Petitioner's actual innocence claim is not based on a new rule of law made retroactive by a Supreme Court case. *See Peterman,* 249 F.3d at 462; *see also Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir. 2003) (stating that "[t]he only claim that [the Sixth Circuit] has recognized as cognizable under § 2241 is a claim of actual innocence based upon a new rule of law made retroactive by a Supreme Court case"). Petitioner's claim about the evidence against him therefore is not cognizable under § 2241.

## III.    Firearm Enhancement

Finally, Petitioner argues that he is actually innocent of the sentence enhancement in § 2K2.1. (ECF No. 1-1 at PageID 18–19.) Although Petitioner asserts actual and factual innocence of the § 2K2.1 enhancement, he has not shown that the § 2255 remedy is inadequate or ineffective.

The first problem with Petitioner's claim here is that the Arkansas district court sentenced

him post-*Booker*, so it was not bound by the mandatory sentencing guidelines. *See Hill*, 836 F.3d at 599–600. Second, though *Jones* held that § 2255(e)'s saving clause does not permit a prisoner to file a § 2241 based on "an intervening change in statutory interpretation," 599 U.S. at 471, Petitioner's claim about the misapplication of § 2K2.1 does not rely on a case of statutory interpretation that is retroactive. So, even if that requirement from *Hill* had not been abrogated by *Jones*, Petitioner still would not be entitled to relief. *See Hill*, 836 F.3d at 600. Third, the sentencing court did not err in applying the Sentencing Guidelines in Petitioner's case, and Petitioner cannot show "an error sufficiently grave to be deemed a miscarriage of justice." *See id*. at 595.

As the Government points out, Petitioner did not receive a sentence enhancement under § 2K2.1—which is the guideline applicable to convictions involving the unlawful receipt, possession, or transportation of firearms. (ECF No. 8 at PageID 41–42.) Petitioner received a two-level increase to his base offense level under U.S.S.G. § 2D1.1(b)(1) for possessing a firearm in connection with a drug trafficking crime. (Cr. 1:13cr10007, ECF No. 221 at PageID 1172.) As the sentencing hearing transcript shows, Petitioner discussed possessing a firearm in his recorded phone calls. (*Id*. at PageID 1086.) Petitioner also told the police that he had a gun, which he later turned over to investigators. (*Id*.) The district court found that these facts were enough to support the enhancement. (*Id*. at PageID 1172-73.) In the end, Petitioner has failed to satisfy his burden to show that § 2255(e)'s saving clause applies to this claim. *See Charles*, 180 F.3d at 756.

## **CONCLUSION**

Petitioner has not shown that a § 2255 motion is "inadequate or ineffective" to challenge his conviction, such that § 2255(e)'s saving clause would apply. *See Charles*, 180 F.3d at 756.

9

The denial of Petitioner's earlier § 2255 motions does not make the remedy inadequate.[2] *Id*. Because Petitioner could seek relief under § 2255, this Court is without jurisdiction to address the merits of his § 2241 Petition. *See Taylor*, 990 F.3d at 499. The § 2241 Petition is therefore **DISMISSED** for lack of subject matter jurisdiction.

## APPELLATE ISSUES

A federal prisoner seeking relief under § 2241 need not obtain a certificate of appealability under 28 U.S.C. § 2253(c)(1) to challenge the denial of his petition. *See Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004) (explaining that § 2253 "does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process").

A habeas petitioner seeking to appeal must pay the filing fee required by 28 U.S.C. §§ 1913 and 1917. To appeal in forma pauperis in a habeas case under § 2241, the petitioner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *See Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the petitioner must move to proceed in forma pauperis in the appellate court. *See* Fed. R. App. P. 24(a)(4)–(5).

---

[2] Though Petitioner argues that the § 2255 remedy is inadequate because the waiver provision in his plea agreement bars him from challenging his conviction and sentence in a § 2255 motion, the fact that Petitioner is procedurally barred from filing a motion does not render § 2255 inadequate or ineffective, such that the saving clause would apply. *See Charles*, 180 F.3d at 756; *see also Rivera v. Warden, FCI, Elkton*, 27 F. App'x 511, 512 (6th Cir. 2001) (stating that prisoner's waiver of right to file a direct appeal and his right to challenge his sentence under § 2255 did not entitle him to habeas relief under § 2241).

In this case, because Petitioner is clearly not entitled to relief, the Court finds that any appeal would not be taken in good faith. The Court therefore **CERTIFIES** under Rule 24(a) that any appeal would not be taken in good faith and **DENIES** Petitioner leave to appeal in forma pauperis.[3]

**SO ORDERED**, this 6th day of September, 2024.

                                                       s/Thomas L. Parker
                                                       THOMAS L. PARKER
                                                       UNITED STATES DISTRICT JUDGE

---

[3] If Petitioner files a notice of appeal, he must also pay the full $605 appellate filing fee or move to proceed in forma pauperis and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within 30 days.